UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ELWOOD DONNEL NEAL,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　)　　3:13-cv-00564-LRH-VPC
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　)
STATE OF NEVADA, *et al.*,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Respondents.　　　　　　　　)
_____/

　　　　This action was filed by a Nevada state prisoner who proceeds *pro se.* The Clerk of Court opened this action as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The initiating document filed by petitioner in this action is captioned "notice of appeal." (ECF No. 1). Petitioner states that he wishes to appeal from a judgment of the Second Judicial District Court for the State of Nevada.

　　　　On November 21, 2013, the Court entered an order, noting that petitioner failed to submit an actual petition, and striking the document entitled "notice of appeal." (ECF No. 3). The Court also informed petitioner that he failed to either pay the filing fee or submit an application to proceed *in forma pauperis*. (*Id.*). The Court supplied petitioner with the proper forms and granted him thirty days in which to file a petition and an application to proceed *in forma pauperis.* (*Id.*). The thirty-day period has now expired, and petitioner has not filed a petition and an application to proceed *in forma pauperis,* or otherwise responded to the Court's order.

　　　　District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson*

*v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g. Pagtalunan v. Galaza,* 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order)*; Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring petitioner to file a petition and an

application to proceed *in forma pauperis* within thirty days expressly stated: "It is further ordered that if petitioner fails to fully comply with all directives in this order, this action shall be dismissed." (ECF No. 3, at p. 2).  Thus, petitioner had adequate warning that dismissal would result from noncompliance with the Court's order.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** based on petitioner's failure to file a petition and an application to proceed *in forma pauperis*, in compliance with this Court's order of November 21, 2013.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED this 23rd day of January, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE